# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeffrey Panarello,<br><br>                              Plaintiff,<br><br>                    -v-<br><br>Suffolk County, N.Y.S. Stony Brook Hospital, Northwell Health,<br><br>                              Defendants. | 2:25-cv-1243<br>(NJC)(SIL) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se plaintiff Jeffrey Panarello ("Panarello"). (IFP Mot., ECF No. 6; Compl., ECF No. 1.) For the reasons set forth below, the Court grants the IFP motion, and, upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismisses the Complaint without prejudice pursuant to Rule 12(h)(3) of the Federal Rule of Civil Procedure for lack of subject matter jurisdiction.

## BACKGROUND

Panarello is no stranger to this Court having filed five pro se cases since July 2020.[1] Panarello's three most recent cases were each dismissed sua sponte for lack of subject matter jurisdiction. *See Panarello v. Northwell Health*, No. 2:24-cv-4220, 2024 WL 5046706 (E.D.N.Y. Dec. 9, 2024); Elec. Order, *Panarello v. Berbenich*, No. 2:22-cv-6565 (E.D.N.Y. Mar. 10, 2023); Mem. & Order, *Panarello v. Ciano*, No. 2:21-cv-5621 (E.D.N.Y. Dec. 7, 2021), ECF No. 7.

---

[1] *See Panarello v. P.O. Kramer*, No. 2:20-cv-3281 (E.D.N.Y.); *Panarello v. Ciano*, No. 1:21-cv-5621 (E.D.N.Y.); *Panarello v. Berbenich,* No. 2:22-cv-6565 (E.D.N.Y.); *Panarello v. Northwell Health*, No. 2:24-cv-4220 (E.D.N.Y.); *Panarello v. Suffolk County*, 2:25-cv-1243 (E.D.N.Y.).

I.      **The Present Complaint[2]**

The Complaint names Suffolk County, N.Y.S. Stony Brook Hospital (the "Hospital"), and Northwell Health ("Northwell" and collectively, "Defendants") as the Defendants and seeks to invoke this Court's federal question subject matter jurisdiction by alleging the following:

> 4th Amendment/1983 Defamation of Character accross state lines, due to false and improper evidence medical records leaked online, Assault of disabled person, protected population. Denied use of asthma inhaler, all denied it, *<u>medically necessary in St. [indecipherable] Hospital Records</u>.

(Compl., ECF No. 1 at 2–5.) In its entirety, the brief Statement of Claim alleges:

> Suffolk County Police forced a fallsse narrative. Suffolk County Police assaulted a disabled person, tampered with federally protected health information, defamed plaintiff in the process by accusing them of unverified wrongdoing. Stony Brook Hospital illegally held the plaintiff without cause, has "lost" important evidence in his protected file, Defamation also. Northwell Health illegally held and humiliated the plaintiff, lost evidence and defamed plaintiff. All defendants have defamed plaintiff.

(*Id*. at 6.) The Complaint also includes the following handwritten notations in the margins on page 5:

> <u>Note</u>: Dr. Scott Alpert examined the plaintiffs left shoulder in 2019, had no rotator cuff tear, now <u>every</u> doctor, health care professional and an MRI show a left shoulder rotator cuff tear despite defendants denying excessive force, and these "missing" records (i.e., CitiMD, etc.)
>
> Your honor(s), as long as these records stand, which are false, the plaintiff is defamed. The plaintifs reputation has been destroyed by all 3 defendants.
>
> Your Honor(s), I was assaulted by Suffolk County Police because <u>I was swatted</u> due to a <u>fake email</u> which I was cleared of by the Honorable Judge Locke.
>
> Electronic Attack against plaintifs previous attorney <u>in</u> N.Y.S. Courtroom in Riverhead, Hon. Judge Reily.

---

[2] Excerpts from the Complaint have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(*Id*. at 5.) In the space that calls for "precisely what damages or other relief the plaintiff asks the court to order," Panarello wrote: "To be determined, but certainly to 'clean up' this defamation by either mandatory mediation or trial if necessary." (*Id.* at 7 ¶ IV.)

## LEGAL STANDARDS

### I. In Forma Pauperis

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion).

### II. Sufficiency of the Pleadings

Under 28 U.S.C. § 1915, a district court must dismiss an IFP complaint if the court determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch*

*Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted). Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Rule 8 also requires that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Essentially, Rule 8 ensures a complaint provides a defendant with sufficient notice of the claims against it. *See id.* "'When a complaint fails to comply with [the Rule 8] requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial.'" *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)) (alteration in original).

Notwithstanding the latitude afforded to pro se litigants, pro se litigants are "not excuse[d] . . . from complying with the Federal Rules of Civil Procedure." *Gunter v. Carrion*, No. 09-cv-281, 2009 WL 10709657, at *1 (E.D.N.Y. Oct. 20, 2009) (alterations omitted); *see also Carl v. City of Yonkers*, No. 04-cv-7031, 2008 WL 5272722, at *5 (S.D.N.Y. Dec. 18, 2008) ("[T]he cases are legion that pro se status does not excuse a failure to follow clearly-enacted rules of court." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995))). Similarly, "[w]hile the submissions of a pro se litigant must be construed liberally and

5

interpreted to raise the strongest arguments that they suggest, a pro se plaintiff still bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Logan v. Town of Windsor*, 833 F. App'x 919, 920 (2d Cir. 2021) (citing *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020); *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019)).

## DISCUSSION

### I. In Forma Pauperis

Upon review of Panarello's IFP Motion, the Court finds that Panarello is qualified by his financial status to commence this action without the prepayment of the filing fee. (IFP Mot.) Therefore, the IFP Motion is granted.

### II. Section 1983 Claims

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519. In addition, the statute of limitations for Section 1983 claims is three years, from "when the plaintiff knows or has reason to know of the injury." *Katergaris v. City of*

6

*New York*, No. 24-cv-1889, 2025 WL 1129197, at *1 (2d Cir. Apr. 15, 2025) (citing *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023)).

Here, Panarello's Section 1983 claims fail because the Complaint does not plausibly allege that Northwell acted under color of state law or that Panarello suffered a constitutional deprivation by any Defendant that is not precluded or within the statute of limitations.

A. <u>Claim Against Northwell</u>

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *DeFreitas v. Toulon*, No. 2:23-cv-5933, 2024 WL 308250, at *10 (E.D.N.Y. Jan. 26, 2024) (citing *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quotation marks and citation omitted); *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is . . . required to show state action.") (quotation marks and citation omitted). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted).

Here, Panarello's Section 1983 claim against Northwell is not plausible because Northwell is a private entity and not a state actor. *Vale v. Northwell Health*, No. 17-cv-7111, 2018 WL 1115345, at *1 (E.D.N.Y. Feb. 26, 2018) (dismissing Section 1983 claims as implausible because "Northwell Health is a private medical services provider"). Nor is Northwell

7

alleged to have been a "willful participant in joint activity with the State or its agents" or to have conspired with a state actor to violate Panarello's constitutional rights. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323–24 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *See Ciambriello*, 292 F.3d at 324–25 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).

As is readily apparent, the Complaint does not allege any facts from which the Court could reasonably construe that Northwell acted jointly with a state actor or conspired with a state actor to deprive Panarello of some constitutional right. (*See* Compl., *in toto*.) Thus, in the absence of any state action, Panarello's Section 1983 claim against Northwell is not plausible as a matter of law. *See Ciambriello*, 292 F.3d at 325. Hence, Panarello's Section 1983 claim against Northwell is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).[3]

B. Section 1983 Claim Against Suffolk County

Although the Complaint alleges that Panarello suffered a rotator cuff tear in 2019 when he "was assaulted by Suffolk County Police," that claim was already litigated and decided in *Panarello v. P.O. Kramer*, No. 2:20-cv-3281 (E.D.N.Y.). (Compl. at 5.) Moreover, Panarello

---

[3] In an abundance of caution, the Court has considered whether the Complaint sufficiently alleges a basis to invoke this Court's diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and finds that he has not. Because Panarello and Northwell are both domiciled in New York, the diversity of citizenship requirement is not met. The Complaint does not allege *any* amount in controversy, making it impossible for the Court to find the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332.

8

filed the present Complaint on March 3, 2025, well beyond the three-year statutory period applicable to excessive force claims brought pursuant to Section 1983. *Katergaris*, 2025 WL 1129197 at *1 ("The statute of limitations for [plaintiff's] section 1983 claim, determined by New York law, is three years." (citing *Shomo*, 579 F.3d at 181)). Further, even if Panarello could surmount these procedural hurdles, the Complaint does not properly allege a claim for municipal liability.

"There are limits as to how often the Court can be asked to review the same allegations against the same parties. That limitation is manifested in the doctrine of res judicata." *Baker v. Supreme Ct. for N.Y.*, No. 12-cv-5757, 2013 WL 372005, at *1 (E.D.N.Y. Jan. 29, 2013) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)). The doctrine of res judicata bars a plaintiff from litigating claims that were already raised or could have been raised in a prior action decided on the merits against the same defendants or their privies. *See Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002) (per curiam) ("Once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the first action arose.") (alterations omitted). "[R]es judicata applies to pro se plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action." *Bey v. City of New York*, 454 F. App'x 1, 5–6 (2d Cir. 2011) (citing *Cieszkowska*, 295 F.3d at 205–06). Further, "a district court may raise a res judicata issue sua sponte." *Corley v. Farrell*, 833 F. App'x 908, 909 (2d Cir. 2021).

9

Panarello's Section 1983 claim alleging, among other things, excessive force against Suffolk County Police Officer Keith Kramer has been litigated on the merits and dismissed with prejudice. *See Panarello v. P.O. Kramer*, No. 2:20-cv-3281, 2024 WL 4107231 (E.D.N.Y. Sept. 5, 2024).[4] The doctrine of res judicata bars this attempt to relitigate claims that were raised and adjudicated in that prior action. *Brown*, 854 F.3d at 157. Thus, Panarello's excessive force claim is precluded from further adjudication by res judicata and is thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) (per curiam) (affirming sua sponte dismissal under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) on res judicata grounds).

Further, even if Panarello's Section 1983 claim against Suffolk County was timely filed and not precluded by res judicata, it fails for the additional reason that the Complaint does not plausibly allege a claim for municipal liability. In order to allege a plausible claim against a municipality, such as Suffolk County, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)). Thus, "a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "The Supreme Court has made clear that 'a municipality cannot be made liable' under § 1983 for acts of its employees

---

[4] Panarello filed a Complaint, a First Amended Complaint, and a Second Amended Complaint in the prior case and had ample opportunity to include any allegations against Suffolk County and/or its police officers relating to his claim of excessive force. *See Panarello v. P.O. Kramer*, No. 2:20-cv-3281 (E.D.N.Y.), ECF Nos. 1, 8, 27.

10

'by application of the doctrine of respondeat superior.'" *Roe*, 542 F.3d at 36 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). "Rather, a plaintiff must identify either an 'express rule or regulation,' a practice that 'was so persistent or widespread as to [carry] the force of law,' or misconduct of 'subordinate employees' that 'was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Swinton v. Livingston Cnty.*, No. 21-1434, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

Here, as is readily apparent, the sparse Complaint does not allege any facts from which this Court could reasonably construe that the challenged conduct was the product of any custom, policy, or practice of Suffolk County. Thus, the Section 1983 claim against Suffolk County is implausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

C. Section 1983 Claim Against the Hospital

Panarello's Section 1983 claim against the Hospital fares no better because the Eleventh Amendment bars adjudication of this claim in this Court. The Eleventh Amendment to the Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

In essence, the Eleventh Amendment prevents non-consenting states from being sued by private individuals in federal court. *See Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). It is well-established that this immunity extends to alter egos of the State including the State University of New York ("SUNY") and its hospital. *See e.g., Gasparik v. Stony Brook Univ.*, 296 F. App'x 151 (2d Cir. 2008); *Dube v. State University of New York*, 900 F.2d 587, 594 (2d Cir. 1990); *Garramone v. SUNY - Stony Brook*, No. 2:23-cv-66, 2023 WL 4471957, at

11

\*6 (E.D.N.Y. July 11, 2023) (dismissing Section 1983 claims against the SUNY Stony Brook Hospital as barred by the Eleventh Amendment); *Towers v. SUNY Stony Brook*, No. 04-cv-5243, 2007 WL 1470152, at \*4 (E.D.N.Y. May 21, 2007) (same); *Banks v. SUNY at Buffalo*, No. 06-cv-2392, 2007 WL 895505, at \*7 (W.D.N.Y. March 22, 2007) ("The Second Circuit has held that for Eleventh Amendment purposes, the State University of New York ('SUNY') is an integral part of the state government such that when it is sued, the State of New York is the real party.").

"Although the Eleventh Amendment generally does not bar suits against state officials acting in their official capacity seeking prospective relief, i.e., to enjoin conduct that violates the federal Constitution, that exception to Eleventh Amendment immunity is inapplicable to suits against the States and their agencies, which are barred regardless of the relief sought." *Casino v. Stony Brook Univ. Med. Ctr.*, No. 13-cv-6357, 2014 WL 317368, at \*3 (E.D.N.Y. Jan. 27, 2014) (citations omitted); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) (holding that the Eleventh Amendment's "jurisdictional bar applies regardless of the nature of the relief sought").

Thus, the Eleventh Amendment's bar precludes adjudication of Panarello's Section 1983 claim against the Hospital in this Court and this claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

### III.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, courts "may decline to exercise supplemental

12

jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, because the Complaint contains no plausible federal claim over which this court would have original jurisdiction, the Court declines to exercise supplemental jurisdiction over any potential state law claims that may be construed in Panarello's Complaint.

### IV. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo*, 579 F.3d at 183 (2d Cir. 2009) (quotation marks and citation omitted). Given that the deficiencies with Panarello's federal claims are substantive and could not be cured with better pleading, together with the fact that the challenged conduct allegedly occurred in 2019 and the three-year statute of limitations applicable to Section 1983 claims had long expired when Panarello filed this Complaint in 2025, the Court declines to grant leave to amend the Complaint. Indeed, amendment of these claims would be futile. *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *see also Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 111 (2d Cir. 2023) (same).

### CONCLUSION

For the reasons stated above, this Court grants Panarello's IFP motion (ECF No. 6), and dismisses the Complaint (ECF No. 1) pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The Clerk of the Court shall mail a copy of this Memorandum and Order to Panarello at his address of record and shall record such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
May 13, 2025

      */s/ Nusrat J. Choudhury*
      NUSRAT J. CHOUDHURY
      United States District Judge